UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRY CUMMINGS,

    Plaintiff,

v.                      CASE NO. 98-319-CIV-ORL-19A

ORLANDO UTILITIES COMMISSION,

    Defendant.
_____/

## ORDER

This cause came before the Court on Defendant Orlando Utilities Commission's Dispositive Motion for Summary Judgment (Doc. No. 15, filed April 14, 1999) and Defendant Orlando Utilities Commission's Memorandum of Law in Support of its Motion for Summary Judgment (Doc. No. 16, filed April 14, 1999). The Plaintiff has failed to respond to Defendant's Motion for Summary Judgment in accordance with Local Rule 3.01(b).

**I. Background**

Plaintiff Darry Cummings brings this action against Defendant Orlando Utilities Commission for disability and race discrimination and hostile environment racial harassment in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e et seq.. The Plaintiff worked as an apprentice and auxiliary operator for the Orlando Utilities Commission from July 1986 until April 1995, when he was terminated. Plaintiff contends that Defendant discriminated against him and harassed him because he is black and because he suffers from an injured knee, neurofibromatosis, and a nerve disorder termed shingles. Plaintiff contends further that he was terminated because of discriminatory animus.

The Defendant has moved for summary judgment on each of the Plaintiff's claims.

## II. Legal Analysis

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." Id. The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex v. Catrett, 477 U.S. 317, 323

2

AO 72A
(Rev. 8/82)

(1986). In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Anderson, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. See Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment. Id. (citation omitted).

A. **Disability Discrimination Claim**

The Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111, et. seq., provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, employers within the purview of the Act have an affirmative duty to provide reasonable accommodations for known disabilities unless doing so would

3

result in an undue hardship to the employer. 42 U.S.C. § 12112(b)(5)(A).

Courts have found that the burden of production shifting analysis utilized in other types of discrimination cases involving circumstantial evidence is applicable to cases brought pursuant to the ADA. See e.g. Barnes v. Cochran, 944 F. Supp. 897, 901 (S.D. Fla. 1996); Keller v. Western-Southern Life Insurance Co., 881 F. Supp. 1559, 1563 (M.D. Fla. 1995). Initially, Plaintiff must establish a prima facie case of discrimination. To create a prima facie case of discrimination under the ADA, Plaintiff must show that 1) she has a disability; 2) she is a qualified individual; and 3) she was subjected to an adverse employment action because of her disability. See Doe v. Dekalb County Sch. Dist., 145 F.3d 1441, 1447 (11th Cir. 1998). Once Plaintiff has satisfied the prima facie case, the burden of production shifts to Defendant to rebut the presumption by articulating a legitimate, nondiscriminatory reason for the discharge. See, e.g., Barnes, 944 F. Supp. at 901. If rebutted, the burden of production shifts back to Plaintiff to show, by a preponderance of the evidence, that the reasons proffered by Defendant were merely a pretext for discrimination. See id. However, the ultimate

4

burden of proving intentional discrimination remains at all times with the Plaintiff. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993).

In this case, the record evidence does not reflect a genuine issue of material fact as to whether the Plaintiff has a disability. Disability is defined as:

> A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> B) a record of such impairment; or
> C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Major life activities are defined as "functions such as caring for oneself, performing manual tasks, walking seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(l).

In his Complaint, the Plaintiff alleges that he was discriminated against because he suffered from neurofibromatosis, a knee injury, and a nerve disorder. (Doc. No. 2). The record does not reflect evidence sufficient to create a genuine issue of material fact as to whether these conditions substantially limited a major life activity. The undisputed evidence shows that at the time of his termination the Plaintiff was able to do regular work duties without any limitations other than that he had to wear a knee brace. (Doc.

No. 17, Exh. Y). Accordingly, summary judgment is warranted on this claim.

**B. Hostile Working Environment Claim Based on Disability**

A number of courts have called into question whether an ADA hostile environment cause of action exists. See e.g. McConathy v. Dr. Pepper/Seven Up, Corp., 131 F.3d 558, 563 (5th Cir. 1998); Moritz v. Frontier Airlines, Inc., 147 F.3d 784, 788 (8th Cir. 1998). Assuming arguendo that such a claim exists, summary judgment is warranted in favor of the Defendant on this claim.

In order to establish a hostile work environment claim, a plaintiff must prove, among other things, that the harassment occurred because of his disability and that the harassment was sufficiently severe or pervasive to affect a term, condition or privilege of his employment. See generally Clover v. Total Systems Services, Inc., 176 F.3d 1346, 1351 (11th Cir. 1999) (discussing the requirements for a hostile work environment claim in a Title VII case). In this case, the record reflects only one hearsay statement that might be considered harassment. Specifically, the Plaintiff testified that a friend of his told him that the Plaintiff's supervisor Doug Spencer stated at a meeting that occurred when the Plaintiff was out of work due to his knee injury that it was "a shame that you can't get rid of

6

people who abuse the sick leave policy." (Doc. No. 16, Exh. F at 207). The Plaintiff testified that his friend indicated that Mr. Spencer made a reference to the Plaintiff when he made the statement. See id. This one statement is inadmissible hearsay, and it is not severe or pervasive enough to show a hostile work environment. See generally Hopkins v. Baltimore Gas and Electric Co., 77 F.3d 745, 753 (4th Cir. 1996) (Title VII claim); Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir. 1995) (Title VII). Accordingly, summary judgment is warranted in favor of the Defendant on this claim.

### C. Race Discrimination Claim

The Defendant seeks summary judgment on the Plaintiff's claim that he was discriminated against based on his race. The Plaintiff may prove discriminatory intent either through direct or circumstantial evidence. See Schoenfield v. Babbit, 168 F.3d 1257, 1265 (11th Cir. 1999). "Direct evidence of discrimination is evidence, that, 'if believed, proves [the] existence of [a] fact in issue without inference or presumption.'" See Schoenfield v. Babbit, 168 F.3d at 1266 (citing Burrell v. Board of Trustees of Ga. Military College, 125 F.3d 1390, 1393 (11th Cir.1997)). In order to show discriminatory intent through circumstantial evidence, the Plaintiff may use the framework

established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997) (per curiam).

> Under McDonnell Douglas, a plaintiff establishes a prima facie case of race discrimination under Title VII by showing: (1) he belongs to a racial minority; (2) he was subjected to an adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job.

Id. at 1562 (quoting McDonnell Douglas, 411 U.S. at 802).

In this case, the record does not reflect any direct evidence of discriminatory intent because the individual who allegedly made discriminatory remarks to the Plaintiff was not his supervisor or a decision-maker with respect to the Plaintiff's termination. See Cowan v. Glenbrook Sec. Services, Inc., 123 F.3d 438, 441-444 (7th Cir. 1997); see also Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1558 n.13 (11th Cir. 1988). Additionally, under a McDonnell Douglas analysis, the record does not reflect evidence that the Plaintiff was treated differently than similarly situated employees who were not in his protected class. Therefore, summary judgment is warranted in favor of the Defendant on this claim. See Schoenfield, 168 F.3d at 1267.

8

### D. Hostile Work Environment Claim Based on Race

The Defendant also moves for summary judgment on the Plaintiff's hostile environment racial harassment claim. As noted above, in order to establish a hostile work environment claim a claimant must prove, among other things, that the harassment occurred because of his protected status and that the harassment was sufficiently severe or pervasive to affect a term, condition or privilege of his employment. See Clover, 176 F.3d at 1351.

The Plaintiff testified at his deposition that in 1989 Gary Rasberry, a Watch Engineer who was not one of the Plaintiff's supervisors, falsely accused the Plaintiff of cursing at him and repeatedly called the Plaintiff "boy." (Doc. No. 16, Exh. F at 108-112).

The Plaintiff testified that in April or May of 1993 Mr. Rasberry yelled at the Plaintiff for helping a fellow employee obtain overtime. (Doc. No. 16, Exh. F at 126-127). The Plaintiff testified that Mr. Rasberry stated, "You people think y'all can do any damn thing you want to do." Id. at 126. In the same conversation, he also said, "I'll get you somewhere down the line. I'll get you." Id. at 127. The Plaintiff testified that for three weeks after that incident Mr. Rasberry

9

watched him work. See Id. at 128.

The Plaintiff further testified that in the summer of 1993 he overheard Mr. Rasberry stating that "he wished they would all pack them up on a boat and send them back to Africa." (Doc. No. 16, Exh. F at 115). The Plaintiff testified that this comment was not directed toward him. See id.

The Plaintiff testified that at another time in 1993 Mr. Rasberry called the Plaintiff a "dummy.". (Doc. No. 16, Exh. F at 124).

The Plaintiff testified that Mr. Rasberry was always after him because he was an African American, and he testified that Mr. Raspberry had a problem with African Americans. (Doc. No. 16, Exh. F at 109-10, 121).

The Plaintiff testified that his supervisor Doug Spencer was "after" him because he was an African American. (Doc. No. 16, Exh. F at 199-200). However, the Plaintiff testified that Spencer never made racial comments to or about him. See id. at 197-202. The record does not reflect any other admissible evidence to support the Plaintiff's subjective belief that Mr. Spencer was after him because of his race.[1]

---

[1] The Plaintiff testified that Talmidge Taft, a coworker, told the Plaintiff that Spencer was "after" him because he was

10

"In deciding whether a hostile environment was created factors to be consider include the frequency of the discriminatory conduct, the severity of the discriminatory conduct, whether the conduct is threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's performance at work." Edwards v. Wallace Community College, 49 F.3d 1517, 1521 (11th Cir. 1995). In order for racial slurs to create a hostile working environment, they must be so "'commonplace, overt and denigrating that they create an atmosphere charged with racial hostility.'" Id. (quoting E.E.O.C. v. Beverage Canners, Inc., 897 F.2d 1067, 1068 (11th Cir. 1990).

While Mr. Rasberry's alleged conduct is certainly offensive, it was not pervasive or severe enough to affect a term or condition of the Plaintiff's employment. The Plaintiff testified that Mr. Rasberry was not his supervisor. (Doc. No. 16, Exh. F at 113). Further, the derogatory remarks were spread over a number of months and years. Specifically, the record evidence shows that the Plaintiff was subjected to derogatory remarks in one alleged incident in 1989 and three alleged

---

prejudiced. (Doc. No. 16, Exh. F at 198-99, 203-05). This is inadmissible hearsay.

incidents over half a year in 1993. Numerous courts have held that incidents involving derogatory remarks spread over a number of months or years are not sufficient to show a hostile work environment. Filipovic v. K & R Express Systems, Inc., 176 F.3d 390, 398 (7th Cir. 1999) (finding that four national origin-related comments made over the course of more than a year were insufficient to constitute a hostile work environment); Ransom v. Springfield R-12 Public Sch. Dist., 1995 WL 611385 at *1 (8th Cir. Oct. 12, 1995) (three incidents of alleged racial harassment not sufficient to show hostile work environment); Bolden v. PRC Inc., 43 F.3d 545, 551 (10th Cir. 1994) (three racial comments over eight years by co-workers insufficient to be actionable); Arroyo v. Westlb Administration, Inc., 1999 WL 401568 at *5 (S.D.N.Y. June 16, 1999) (five or six incidents of racial animosity over twenty-five months not sufficient to show hostile environment); see also McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 480 (7th Cir. 1996) (finding three sexually suggestive comments spread over three month period was insufficient to affect a term or condition of employment).

The Plaintiff's statement that Mr. Spencer was "after" him because he is an African American is not probative of the basis of Mr. Spencer's conduct toward the Plaintiff because it is

12

conclusory. See Carter v. Three Springs Residential Treatment, 132 F.3d 635, 642 (11th Cir. 1998) (finding that general allegations of racial bias in affidavits were properly struck by trial court because they were conclusory). Thus, the Court cannot consider this statement in determining whether the Plaintiff was subjected to a hostile work environment.

Because the record evidence when viewed in a light most favorable to the Plaintiff is insufficient to show a hostile work environment, summary judgment is warranted in favor of the Defendant on this claim.

### III. Conclusion

Based on the foregoing, the Court rules as follows:

1) Defendant Orlando Utilities Commission's Dispositive Motion for Summary Judgment (Doc. No. 15) is **GRANTED**.

2) Summary judgment is **GRANTED** in favor of the Defendant on Counts I and II of the Plaintiff's Complaint (Doc. No. 2).

3) The Clerk of the Court is **DIRECTED** to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _____ day September, 1999.

PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record.

AO 72A
(Rev. 8/82)